Affirmed and Memorandum Opinion filed December 13, 2005









Affirmed and Memorandum Opinion filed December 13, 2005.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00879-CR

NO. 14-04-00880-CR

_______________

 

ARTURO DOMINGUEZ DELGADO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause Nos. 965,911 &
965,912

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

 

Arturo
Dominguez Delgado was convicted by a jury of both indecency with a child (Trial
Court Cause No. 965,912, Appellate Cause No. 14-04-00880-CR) and aggravated
sexual assault of a child (Trial Court Cause No. 965,911, Appellate Cause No.
14-04-00879-CR) and has appealed both. 
However, because he raises no issues on appeal regarding his conviction
for indecency with a child, the judgment in Trial Cause No. 965,912 is
affirmed.  In appealing his conviction
for aggravated sexual assault of a child, appellant contends that: (1) he was
denied effective assistance of counsel; and (2) the trial court erred by not
submitting a definition of proof beyond a reasonable doubt to the jury.  We affirm.








Appellant=s first issue argues that his trial
counsel was ineffective by failing to: (1) conduct an adequate factual
investigation; (2) properly prepare appellant for his testimony; and (3) object
to victim-impact evidence at the guilt-innocence stage of trial.

To
prevail on a claim of ineffective assistance of counsel, appellant must show
that: (1) counsel=s performance was below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for this
deficient performance, the result of the proceeding would have been
different.  Wiggins v. Smith, 539
U.S. 510, 521, 534 (2003). Although strategic decisions made by counsel after
thorough investigation are unchallengeable, strategic decisions made after less
than complete investigation are reasonable only to the extent that the known
evidence would not have led a reasonable attorney to investigate further.  Id. at 521, 527.

In
this case, appellant claims that his trial counsel failed to obtain a ruling on
his motion for investigative funds and failed to talk to key witnesses prior to
trial as part of his own investigation. 
In particular, he argues that by not interviewing the complainant=s mother, trial counsel did not at
first appreciate the usefulness of showing the extent of the complainant=s relationship with her dropout,
drug-abusing boyfriend.  Appellant also
asserts that counsel did not speak to the complainant, the examining physician,
and potentially to the psychologist and Officers Parnell and Moreno.  Appellant contends that Aif counsel had talked to these key
witnesses prior to trial, he would have known to focus attention on@ the complainant=s boyfriend, which Awould have taken the sting out of the
medical evidence@  presented at
trial.  However, appellant has not
developed a record of whatever additional testimony he contends these witnesses
could have provided to support such a defensive theory, and thus has not
demonstrated that any failure to investigate that alleged evidence was
deficient or prejudicial.








Additionally,
appellant alleges that his counsel failed to prepare him for his testimony at
trial by not providing appellant with a copy of his recorded confession to
avoid any discrepancies between his trial testimony and confession.  Particularly, appellant claims that had he
been familiar with his recorded confession, in which he admitted to putting his
hands inside the complainant=s clothes and touching her skin, he would not have testified
that he touched the complainant=s genitals through her underwear without Atouching her skin in that area.@ 
Without impeachment with this discrepancy, appellant argues he Amight have been able to raise
reasonable doubt as to the sexual assault with his admission of the other
offense,@ i.e. indecency with a
child.  Again, however, appellant fails
to explain how the lack of this basis for impeachment (creating, if anything, a
more consistent record of his guilt) would have operated to raise any reasonable
doubt or otherwise shown a reasonable probability that  the outcome of the proceeding would have been
different.

Lastly,
appellant argues that trial counsel=s failure to object when the State
introduced  victim-impact evidence among Aaccommodation@ evidence Amay have caused excessive sympathy
for the complainant in the guilt-stage deliberations.@ 
However, appellant=s brief does not demonstrate that, but for this alleged
error, individually or in combination with the others, there is a reasonable
probability that he would not have been convicted.  Therefore, appellant=s first issue is overruled.

Appellant=s second issue contends the trial
court erred in not submitting a definition of proof beyond a reasonable doubt
to the jury.  However, as appellant=s brief acknowledges, a trial court
is not required to instruct the jury on the definition of Abeyond a reasonable doubt.@ 
Woods v. State, 152 S.W.3d 105, 115 (Tex. Crim. App. 2004) cert.
denied, U.S. __, 125 S. Ct. 2295, 161 L. Ed. 2d 1092 (2005); Paulson
v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000).  Because appellant=s second issue thus fails to show
that the trial court erred, it is overruled, and the judgment of the trial
court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed December 13, 2005.

Panel consists of
Justices Fowler, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).